IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAYFORD THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-06-00429 |
| § | |
| RUSSELL R. OLIVER and § | |
| TEXAS MUTUAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Defendants Russell R. Oliver and Texas Mutual Insurance Company's Motion for Summary Judgment (Instrument No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## BACKGROUND

In December 2003, Plaintiff Rayford Thomas ("Thomas") worked for Crown Staffing, a temporary agency that assigned him to a dishwashing position at the Hilton Hotel in Houston, Texas. Thomas alleges he injured his back and neck on December 11, 2003, while lifting several heavy items in the course of his work, and he needed emergency medical treatment. Thomas informed Crown Staffing of the injury on

January 5, 2004. Crown Staffing hired a physician to examine Thomas, and shortly thereafter, Crown Staffing allegedly refused to pay Thomas's medical bills.

Thomas then filed a claim with Defendant Texas Mutual Insurance Company ("Texas Mutual"), Crown Staffing's workers' compensation carrier. Texas Mutual denied coverage based on its belief that Thomas's injury did not occur in the course and scope of his employment and therefore was not compensable. After a December 30, 2004 hearing, the Texas Workers' Compensation Commission ("TWCC") determined Thomas had not suffered a compensable injury and, therefore, Texas Mutual was not obligated to pay him workers' compensation benefits. Thomas appealed the TWCC's decision, but on April 26, 2005, the appeals panel dismissed his appeal as untimely. Thomas then filed suit against Texas Mutual and Russell R. Oliver ("Oliver"), the president of Texas Mutual, in a Harris County small claims court.[1] The court also dismissed Thomas's case as time barred.

On February 7, 2006, Thomas, proceeding *pro se*, filed the instant action.[2] Thomas ostensibly alleges that Oliver and Texas Mutual:  (1) terminated his

---

[1] The suit was filed in the Precinct 7, Place 1 Harris County Justice of the Peace Court.

[2] Because Thomas filed his motion *pro se*, the Court liberally construes the motion and holds it to a less stringent standard than the Court would otherwise view formal pleadings submitted by an attorney. *See Haynes v. Kerner*, 404 U.S. 519, 520-21 (1972); *S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).

employment and wrongfully failed to promote him because of his race; (2) wrongfully denied payment of his workers' compensation claims; and (3) should be ordered to pay his medical bills.

On March 20, 2006, Oliver and Texas Mutual moved for summary judgment arguing that: (1) they never employed Thomas and therefore could not have terminated him or held him back from promotion; (2) benefits were denied to Thomas because TWCC found he had not sustained a compensable injury; and (3) ordering the payment of his medical bills is beyond the Court's jurisdiction. Thomas's response was due April 9, 2006, but he did not respond to the motion.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view the evidence in a light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come "forward with 'specific facts

showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P. 56(e)).

A fact is "material" if its resolution is outcome determinative. *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39 F.3d 528, 531 (5th Cir. 1994). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). Thus, the non-movant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). It is not the function of the court to search the record on the non-movant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992).

Failure to respond to a motion before the court will be taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4. However, the mere fact that no opposition is filed does not excuse the moving party from meeting its burden on the summary judgment motion. *E.g.*, *John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir. 1985). Thus, the Court will determine whether Oliver and Texas Mutual have met their burden for summary judgment on Thomas's claims.

## LAW AND ANALYSIS

I. Employment Discrimination

Defendants argue Thomas cannot demonstrate a prima facie case of race-based employment discrimination. Under Title VII, an employer cannot "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Thomas alleges Oliver and Texas Mutual discriminated against him in violation of Title VII by terminating his employment and failing to promote him because of his race.[3] To survive a motion for summary judgment, a plaintiff alleging employment discrimination must first establish

---

[3] Thomas is African American.

5

a prima facie case of discrimination.[4] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Thus, Thomas must show that: (1) he is a member of a protected minority; (2) he was qualified for the position; (3) despite his qualification, he suffered an adverse employment decision made by the defendant; and (4) others similarly situated were treated more favorably. *See Ryburn v. Potter*, 155 F. App'x. 102, 107 (5th Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802).

In the instant case, the parties do not dispute that Thomas is a member of a protected class or that he was qualified for the position he held with Crown Staffing. Oliver and Texas Mutual argue, however, they never employed Thomas, but rather were the workers' compensation carrier for his employer, Crown Staffing. As such, Oliver and Texas Mutual argue Thomas's employment discrimination claim cannot survive summary judgment.

Under Title VII, employees may sue their employers. *See* 42 U.S.C. 2000e-2a(a). Thus, in order for a plaintiff to recover under Title VII, the defendant must employ him or her. *See generally Oden v. Oktibbeha County*, 246 F.3d 458, 462-65 (5th Cir. 2001); *see also United States v. Matagorda County*, 181 F. Supp. 2d 673, 679 (S.D.Tex. 2002) (holding that the court should consider factors such as whether the

---

[4] Courts employ a three-part burden-shifting test to Title VII claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

defendant had "the right to hire and fire, the right to supervise, the right to set the work schedule"). The evidence is undisputed that Crown Staffing – and not Texas Mutual or Oliver – employed Thomas. Accordingly, the Court concludes that Thomas cannot recover from Oliver and Texas Mutual for employment discrimination. *See Matagorda County*, 181 F. Supp. 2d at 679. Thus, summary judgment as to Thomas's Title VII claim for employment discrimination is granted.

## II. Texas State Law

Thomas also alleges that Oliver and Texas Mutual wrongfully denied him workers' compensation benefits in violation of state law. Additionally, he asks the Court to order Oliver and Texas Mutual to compensate him for his medical expenses. While these allegations arise under Texas law, all of Thomas's claims stem from common facts and are so closely related that they form part of the same case and controversy. 28 U.S.C. § 1367(a); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Therefore, the Court may exercise supplemental jurisdiction in considering his state law claims. *See, e.g., Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1988) (citing 28 U.S.C. § 1367).

A.  Wrongful Denial of Workers' Compensation Benefits

Thomas appears to appeal the denial of workers' compensation benefits. The Texas Workers' Compensation Act ("TWCA") provides that the "exclusive remedy of an employee covered by workers' compensation insurance coverage" for a work-related injury is workers' compensation.[5]  Tex. Lab. Code Ann. § 408.001(a) (Vernon 2006). Moreover, the TWCA gives TWCC the exclusive authority, subject to judicial review, to award workers' compensation benefits. *See Evaro v. Cont'l Cas. Co.*, 118 F. App'x. 867, 870 (5th Cir. 2005) (*citing Am Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001)). Thus, a plaintiff seeking to recover for wrongful denial of benefits must first obtain a determination from the TWCC that such benefits are due. *Fodge*, 63 S.W.3d at 802. A party who subsequently seeks to appeal the TWCC decision must "file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received." § 410.202(a). Judicial review of an appeal must be filed in the appropriate court "not later than the 40th day after the date on which the decision of the appeals panel was filed." § 410.252.

Here, the parties were unable to reach an agreement through mediation so the

---

[5] Workers' compensation benefits include medical bills and lost income. *Id*. § 401.011(5).

8

TWCC held a formal hearing on the dispute. The TWCC concluded Thomas was not entitled to benefits because no evidence established that his injury occurred in the course of his employment with Crown Staffing. Although Thomas attempted to appeal this decision, his appeal was not timely filed. *See* § 410.202. Consequently, the TWCC decision became final on April 26, 2005. *See* § 410.169. Notwithstanding this result, Thomas sued Oliver and Texas Mutual seeking judicial review in small claims court. Again, his appeal was dismissed as time barred. *See* § 410.252(a). Because Thomas has not obtained the necessary ruling that he is entitled to workers' compensation benefits, he cannot succeed in his claim for wrongful denial of those benefits. Accordingly, summary judgment in favor of Oliver and Texas Mutual is granted.

    B. <u>Workers' Compensation Benefits</u>

Despite rulings adverse to Thomas's claim for workers' compensation benefits, he contends that in this action, the Court should order Oliver and Texas Mutual to pay his medical bills. In contrast, Oliver and Texas Mutual argue that prior adverse rulings against Thomas by the TWCC and small claims court are now final and unappealable. As discussed above, the TWCA vests the power to award workers' compensation benefits exclusively with the TWCC, subject to judicial review. *See Evaro*, 118 F. App'x. at 870 (*citing Am Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex.

2001)). A court lacks jurisdiction to award damages based on an insurance company's refusal to pay medical expenses if the TWCC has not determined that the claimant is entitled to reimbursement. *See Evaro*, 118 F. App'x. at 87 (*citing Malish v. Pac. Employers Ins. Co.*, 106 S.W.3d 744, 746 (Tex. App. 2003). Thus, allowing courts to award compensation benefits would circumvent the TWCC's jurisdiction. *Saenz v. Fidelity & Guaranty Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996). Moreover, to the extent Thomas seeks relief from the judgment of the small claims court, removal of the claim to the Court is barred. 28 U.S.C. § 1445(c) (2000). Consequently, summary judgment is granted in favor of Oliver and Texas Mutual as to Thomas's request for payment of workers' compensation benefits.

Based on the foregoing, the Court hereby ORDERS that Defendants Oliver and Texas Mutual's motion for summary judgment (Instrument No. 5) is GRANTED.

SIGNED at Houston, Texas, on this 14th day of June, 2006.

_____
David Hittner

DAVID HITTNER

United States District Judge